STATE COMPENSATION INSURANCE FUND, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.

No. 86–7477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1987.

Memorandum April 10, 1987.

Order and Opinion June 12, 1987.

Frank Evans, San Francisco, Cal., for petitioner.

Marianne D. Smith, Washington, D.C., for respondent.

Before FLETCHER, BEEZER and DAVID R. THOMPSON, Circuit Judges.

### ORDER

By a majority vote of the panel members the memorandum disposition filed April 10, 1987, is redesignated as an authored opinion by Judge Beezer. Attached is the opinion.

BEEZER, Circuit Judge:

State Compensation Insurance Fund, Longshoremen and Harbor Workers' Compensation Fund, and Marcel Garrigues [hereafter collectively referred to as Garrigues] appeal the Benefits Review Board's decision that their obligation to pay disability benefits to Donald Watts is not limited to 104 weeks under 33 U.S.C. 908(f). Watts, a functional illiterate, sustained permanent back injuries while working for Garrigues as a longshoreman.

Garrigues claims that Watts' illiteracy constitutes a preexisting permanent partial disability. Where an employee suffering from a permanent partial disability becomes further disabled on the job, his employer pays disability benefits for a specified period, after which the Special Fund assumes payment. Because Garrigues did not offer substantial evidence that Watts' illiteracy is due to mental retardation or a learning disability, we affirm.

*Background*

Donald Watts suffered a serious back injury while working as a longshoreman in 1978. The administrative law judge determined that Watts was totally and permanently disabled under 33 U.S.C. § 901 *et seq.* Watts is also illiterate.

The ALJ determined that Watts' illiteracy was a manifest, preexisting and permanent partial disability, and that Garrigues was liable only for 104 weeks of disability payments. All subsequent benefits were to be paid out of the Special Fund Congress established in 33 U.S.C. § 944. *See* 33 U.S.C. § 908(f).[1] The Board held that the ALJ's determination that illiteracy was a preexisting permanent partial disability

---

1. Section 908(f)(1) provides

   In any case in which an employee having an existing permanent partial disability suffers injury, the employer shall provide compensation for such disability as is found to be attributable to that injury based upon the average weekly wages of the employee at the time of the injury. If following an injury falling within the provisions of subsection (c)(1)–(20) of this section, the employee is totally and permanently disabled, and the disability is found not to be due solely to that injury, the employer shall provide compensation for the applicable prescribed period of weeks provided for in that section for the subsequent injury, or for one hundred and four weeks, whichever is the greater....

was not supported by substantial evidence on the record as a whole. The Board held that Garrigues, and not the Special Fund, was liable for disability payments after 104 weeks. Garrigues appeals.

*Jurisdiction and Standard of Review*

This court has jurisdiction over appeals from the Benefits Review Board under 33 U.S.C. § 921(c).

"The Board reviews the ALJ's findings of fact to see if they are supported by substantial evidence in the record as a whole. 33 U.S.C. § 921(b)(3). [The Court of Appeals reviews] the Board's decisions for adherence to the statutory standard governing the review of facts and for errors of law." *Todd Shipyards v. Director, Office of Workers' Compensation,* 792 F.2d 1489, 1491 (9th Cir.1986) (citation omitted).

*Analysis*

I  Illiteracy Is Not A Permanent Partial Disability Under 33 U.S.C. § 908(f)

Section 908(c) lists various disabilities and corresponding compensation levels. "Disability" under section 908(f) is not limited to cases listed in § 908(c):

> " 'Disability' in [§ 908(f) ] is necessarily of sufficient breadth to encompass those cases ... wherein the *employee had such a serious physical disability in fact that a cautious employer would have been motivated to discharge the handicapped employee because of a greatly increased risk of employment-related accident and compensation liability."*

*Director, Etc. v. Campbell Indus., Inc.,* 678 F.2d 836 (9th Cir.1982) (quoting *C & P Tel. Co. v. Director, Office of Workers' Compensation,* 564 F.2d 503, 513 (D.C.Cir. 1977)), *cert. denied,* 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983) (emphasis in original).

Illiteracy may be due to mental retardation, learning disability, or lack of education. Mental retardation and learning disabilities are permanent, irrevocable reductions in individual capability. Illiteracy due to lack of education is not irrevocable.

The Board has held that mental impairment qualifies as a permanent partial disability under § 8(f). *Connonetz v. Pacific Fisherman, Inc.,* 11 BRBS 175, 178 (1979); *Collins v. Todd Shipyards Corp.,* 9 BRBS 1015, 1023 (1979). These same cases state that lack of education is not a mental impairment or disability within the meaning of § 8(f).

Proof of illiteracy, by itself, does not establish a preexisting permanent partial disability. In order to invoke the benefits of § 8(f), an employer must show that the employee's illiteracy is due to something else, such as mental retardation or a learning disability.

II  Substantial Evidence Does Not Support The ALJ's Conclusion That Watts Suffered From A Preexisting Permanent Partial Disability

The ALJ raised *sua sponte* the possibility that Watts' illiteracy might constitute a preexisting permanent disability. A vocational rehabilitation specialist testified that she believed Watts to be learning disabled. The specialist also stated that tests would be necessary in order to determine whether Watts was retarded or learning disabled. The specialist did not test Watts for any mental impairment.

The Board concluded that the record contained no credible evidence of mental impairment. Even if fully credited, the vocational specialist's testimony does not constitute substantial evidence that Watts suffered from a preexisting permanent partial disability. Accordingly, the Board did not err in denying Garrigues relief under 8(f).

AFFIRMED.