**Willie D. GOLDSMITH, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Todd Pacific Shipyards Corporation; Aetna Casualty and Surety Company, Respondents.**

**No. 87-7002.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1987.

Decided Feb. 8, 1988.

William C. Decker, Seattle, Wash., for petitioner.

Samuel J. Oshinsky, Atty., U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., Russell A. Metz and Charles E. Henshall, Witherspoon, Kelley, Davenport & Toole, P.S., Seattle, Wash., for respondents.

Before ANDERSON, NORRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Willie D. Goldsmith appeals from the Benefits Review Board's ("Board") decision

affirming the Administrative Law Judge's ("ALJ") denial of compensation benefits under the Longshore and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. §§ 901–950.

The Board had jurisdiction under section 21(b)(3) of the Act, 33 U.S.C. § 921(b)(3). We have jurisdiction under section 21(c) of the Act, 33 U.S.C. § 921(c), and we affirm.

### I.

Goldsmith alleges that he suffered a back injury on March 15, 1977 while operating a jackhammer. Goldsmith immediately notified his direct supervisor of his injury and reported to the company nurse. On the same day, Goldsmith was told that he would be laid-off. The following day, Goldsmith was examined by Dr. Jackson, who diagnosed him as totally disabled due to his back injury. Dr. Seeley examined Goldsmith for a ruptured disk on April 17, 1979, performed a discectomy three days later, and testified that he was unsure of the cause of Goldsmith's back problems.

The ALJ denied benefits, finding that the record failed to support the existence of a March 15, 1977 injury. The ALJ found Goldsmith's testimony not credible based on the differing accounts of the accident Goldsmith imparted to the various physicians of record and employer's representatives. The ALJ also found it significant that Goldsmith never related any 1977 accident to his treating physician, Dr. Chinn, although Dr. Chinn had been treating Goldsmith for back problems since 1973. The ALJ therefore determined that Goldsmith suffered a history of back injuries which degenerated and finally rendered Goldsmith totally disabled. On appeal, the Board affirmed the ALJ's denial of benefits. Goldsmith timely appeals.

### II.

First, we address the argument of respondents Todd Pacific Shipyards Corporation and Aetna Casualty and Surety Company that the Director should not be permitted to participate as a respondent in this case. The Director did not participate in this case before the Board, petition for appellate review of the Board's decision, or move for leave to intervene as a petitioner in this appeal. Respondents argue that if a petitioner's designation of the Director as a party is sufficient to confer standing on the Director to challenge the decision on appeal, then 33 U.S.C. § 921(c) would have no meaning. They argue that under section 921(c) the Director cannot file a petition for review unless he is "adversely affected or aggrieved" by the decision below. They explain that if the Director is named as a party respondent by a petitioner under Fed. R.Civ.P. 15(a) and disagrees with the decision below, he effectively becomes a petitioner.

We have never articulated a rule governing when the Director can appear as a respondent, and the courts of appeals are divided on this question. *See Shahady v. Atlas Tile and Marble Co.,* 673 F.2d 479, 482 n. 2 (D.C.Cir.1982). The D.C. Circuit has held that the Director is a proper party respondent:

> Because the statutory scheme of the LHWCA and regulations promulgated thereunder clearly contemplate that the Secretary or his delegate shall participate as a matter of course in section 921(c) review proceedings, we hold that the Director should be named a party respondent in all review proceedings brought under section 921(c), whether or not the Director supports the Board's order.

*Id.* at 480.

■ We agree with the D.C. Circuit that the scheme of the Act and regulations show that the Director should be named a respondent in section 921(c) proceedings, and adopt the reasoning expressed in *Shahady.*

### III.

Both Goldsmith and the Director contend that the ALJ failed to consider the record as a whole, focusing on Goldsmith's statements to his doctors and testimony at the hearing. We disagree.

" 'The Board reviews the ALJ's findings of fact for support by substantial evidence

in the record as a whole. 33 U.S.C. § 921(b)(3). [This court] reviews the Board's decisions for adherence to the § 921(b)(3) statutory standard governing review of facts and errors of law.'" *State Comp. Ins. Fund v. Director, OWCP*, 818 F.2d 1424, 1426 (9th Cir.1987) (citation omitted). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kelaita v. Director, OWCP*, 799 F.2d 1308, 1312 (9th Cir.1986) (citation omitted).

In his decision, the ALJ listed many evidentiary factors that led him to conclude that Goldsmith "suffered no disabling injury arising out of and in the course of employment with Todd Pacific Shipyards on March 15, 1977." Most significantly, the ALJ found Goldsmith's testimony incredible because his reports to physicians and his testimony at the hearing were inconsistent.

Goldsmith asserts that his diagnosed low mental capacity and psychological problems, a similar accident one year prior to the accident, as well as the six-year time span between the injury and the hearing, explain the inconsistencies in his testimony. Therefore, Goldsmith argues, the inconsistencies should not affect the credibility of his testimony regarding the alleged 1977 injury.

Notwithstanding Goldsmith's arguments, the record indicates that the ALJ's inferences and conclusion were supported by substantial evidence. *See Todd Shipyards Corp. v. Director, OWCP*, 793 F.2d 1012, 1013 (9th Cir.1986); *Palmer Coking Coal Co. v. Director, OWCP*, 720 F.2d 1054, 1058 (9th Cir.1983). The ALJ discredited Goldsmith's hearing testimony based on the differing accounts of the injury. While Goldsmith may have a low mental capacity or psychological problems, the Board found that a review of his testimony does not suggest that he is incoherent or unstable. Goldsmith's answers were sufficiently clear and straightforward. Although the timespan between the alleged injury and the hearing might affect accuracy, the period between the injury and the recorded medical histories is considerably shorter. The ALJ found Goldsmith's failure to relate to Dr. Jackson any history of an ongoing back problem and failure to inform Dr. Chinn of the alleged 1977 injury highly suspicious. "When substantial evidence supports such a finding of fact and especially when the credibility of witnesses is involved, we will not disturb that finding on review." *Dorris v. Director, OWCP*, 808 F.2d 1362, 1364 (9th Cir.1987).

Goldsmith also raises the doctrine of laches, arguing that his employer recognized that the 1977 injury occurred by voluntarily paying compensation for temporary total and permanent disability and by entering into a March 1980 stipulation and agreement. This issue was improperly raised for the first time on appeal, and the Board properly refused to consider it. *See Long v. Director, OWCP*, 767 F.2d 1578, 1583 (9th Cir.1985).

## IV.

The Director is a proper party respondent, and the Board applied the proper standard of review.

AFFIRMED.