952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RIEDEL INTERNATIONAL, INC.; National Union Fire Insurance
Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Richard
Whitewater, Respondents.
 No. 90-70491.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1991.*
Decided Dec. 17, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This action arises under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("the Act").
 
 FACTS AND PROCEEDINGS
 
 3
 On March 31, 1986, while employed as a pile driver by Riedel International, Inc., claimant Richard Whitewater sustained an injury to his back when he was struck by a 700 pound load block. Whitewater returned to full duty work immediately following this injury. He first sought medical treatment from Dr. James M. Silva, a chiropractor, on April 8, 1986. By June 10, 1986 Whitewater's condition had worsened to the point that he could not lift anything or bend over. He has not returned to gainful employment since that date.
 
 
 4
 The Administrative Law Judge ("ALJ") found that Whitewater was disabled by this injury, but denied Riedel relief under section 8(f) of the Act. Section 8(f) limits, in certain circumstances, the liability of an employer for disability payments by requiring the Special Fund established under 33 U.S.C. § 944 to assume responsibility for compensation payments after 104 weeks. "By so limiting an employer's liability, Congress wished to facilitate and encourage the hiring of partially disabled people." Todd Pac. Shipyards v. Director, OWCP, 913 F.2d 1426, 1429 (9th Cir.1990).
 
 
 5
 To obtain section 8(f) relief, an employer must establish three elements: "(1) that the employee had an existing permanent partial disability prior to the employment injury; (2) that the disability was manifest to the employer prior to the employment injury; and (3) that the current disability is not due solely to the most recent injury." Id., (citing, Director, OWCP v. Cargill, Inc., 709 F.2d 616, 619 (9th Cir.1983) (en banc)). In the present case, the ALJ found that Riedel had established the manifest and contribution elements for relief under section 8(f), but found that Whitewater's March 31, 1986 injury was not a permanent partial disability which predated June 10, 1986, the date of the most recent injury for purposes of this case.
 
 
 6
 On appeal to the Benefits Review Board ("Board"), the Director conceded that the ALJ erred in finding that Whitewater's March 31, 1986 injury did not constitute a preexisting permanent partial disability. However, the Director cross-appealed the ALJ's finding that Whitewater's preexisting permanent disability was manifest to Riedel prior to June 10, 1986.
 
 
 7
 The Board affirmed the ALJ's denial of section 8(f) relief. It did so by reversing the ALJ's finding that Whitewater's preexisting disability was manifest to Riedel prior to June 10, 1986. We conclude the Board erred in reversing this finding and we reverse the Board's decision denying Riedel section 8(f) relief.
 
 STANDARD OF REVIEW
 
 8
 The Board reviews the ALJ's decisions to determine whether factual findings are supported by "substantial evidence" and to correct any errors of law. 33 U.S.C. § 921(b)(3). This court conducts an independent review. The ALJ's findings must be upheld when they are supported by substantial evidence. Container Stevedoring Co. v. Director, OWCP, 935 F.2d 1544, 1546 (9th Cir.1991). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Goldsmith v. Director, OWCP, 838 F.2d 1079, 1081 (9th Cir.1988) (quoting Kelaita v. Director, OWCP, 799 F.2d 1308, 1312 (9th Cir.1986)).
 
 DISCUSSION
 
 9
 Riedel first argues that the Board should not have decided that Whitewater's preexisting disability was not manifest to Riedel, because, Riedel contends, the Director did not dispute the manifest component before the ALJ.
 
 
 10
 The Board may not decide an issue not previously considered by the ALJ because the Board has no authority, under the Act, to initially determine facts. See Director, OWCP v. Cargill, Inc., 718 F.2d 886, 888 (9th Cir.1983) (remand issue to ALJ because Board improperly considered an issue not considered by the ALJ); see also Director, OWCP v. Newport News Shipbuilding and Dry Dock Co., 676 F.2d 110, 115 (4th Cir.1982) (improper for Board to rule upon issue not ruled upon by the ALJ because ALJ is factfinder for claims filed under the Act).
 
 
 11
 In the present case, the Board did not usurp the ALJ's factfinding role. Sufficient evidence in the record establishes that the manifest element was both disputed and considered by the ALJ at the initial hearing. The Director never conceded that Whitewater's disability from the March 31, 1986 injury was manifest to the employer. Rather, the Director's representative argued that "the requirements for 8-F relief have not been met by the defendant ... with regard to the [March 31, 1986] injury." RT at 22. Moreover, during the initial hearing the ALJ and the Director's representative entered into a discussion of the substantive requirements of section 8(f), in which the Director's representative clearly disputed the presence of the manifest element. Although the representative never specifically used the word "manifest," her arguments that the employer "did not see that anything was getting worse," and that "[t]he employer was not on notice," are directed at the issue of whether Whitewater's disability was manifest to Riedel. RT at 47.
 
 
 12
 Riedel's second contention is that the Board erred in setting aside the ALJ's finding that Whitewater's preexisting disability was manifest to Riedel.
 
 
 13
 For section 8(f) to apply, the preexisting permanent partial disability must be "manifest." See Cargill, Inc., 709 F.2d at 618-19. "The courts recognize that the existing permanent partial disability must have been manifest to the employer prior to the injury that is the basis for the claim in order for the discrimination to occur." Newport News Shipbuilding and Dry Dock Co., 676 F.2d at 114; Cargill, Inc., 718 F.2d at 888.
 
 
 14
 "The determination of a previous disability's manifestation is a factual one, and a number of factors may come into play. The employee's appearance, medical reports and work experience are relevant, but the critical element is what the employer has available to him ... should he decide to take notice of it." Director, OWCP v. Campbell Indus., 678 F.2d 836, 840 (9th Cir.1982), cert. denied, 459 U.S. 1104 (1983), disapproved on other grounds, Director, OWCP v. Cargill, Inc., 709 F.2d 616 (9th Cir.1983) (en banc). The employer need not have actual knowledge of the preexisting condition. If the condition is readily discoverable from the employee's medical record in the possession of the employer the courts impute knowledge to the employer. Id.
 
 
 15
 In concluding that the manifest element was satisfied in this case, the ALJ stated that "the evidence is undisputed that the March 31, 1986 injury was manifest to the Employer." ER at 89. Although the Director argues that this shows that the ALJ misunderstood the manifest element, because the manifest element requires that the preexisting disability, rather than the injury, be manifest to the employer, a review of the record proves the Director wrong. The ALJ understood and correctly applied the requirements of the manifest element because the ALJ's statement describes how the manifest requirement was satisfied.
 
 
 16
 The ALJ determined that Whitewater's back disability was manifest to Riedel because the injury that caused this preexisting disability was witnessed by Riedel. Additionally, Dr. Silva's medical report of April 14, 1986 diagnoses two impairments in Whitewater's back due to the March 31, 1986 injury: "(1) Sacroiliac joint dysfunction right side accompanied with edema. (2) Cervico-thoraco-sprain accompanied with myospasms." Claimant's Ex. 1.
 
 
 17
 The ALJ appears to have believed Whitewater's testimony that he made his supervisors aware, prior to the most recent injury of June 10, 1986, that he was suffering from serious back pain as a result of the March 31, 1986 injury. "Credibility determinations, of course, are within the ALJ's province, and we must give them great weight." Todd Pac. Shipyards, 913 F.2d at 1432.
 
 
 18
 The Director argues that the Board was correct in reversing the ALJ's determination that the manifest element was satisfied because Whitewater returned to daily strenuous labor immediately after the March 31, 1986 accident. We disagree.
 
 
 19
 Given Whitewater's constant complaints of continuing back pain resulting from the March 31, 1986 injury, and Dr. Silva's medical report diagnosing Whitewater's injuries, it is apparent that Riedel was aware of Whitewater's March 31, 1986 injury, and the severity of it, notwithstanding Whitewater's return to his regular work. Moreover, the fact that an employee is willing to attempt the same type of labor after an injury is not evidence that he is not disabled. See Director, Etc. v. Brandt Airflex Corp., 645 F.2d 1053 (D.C.Cir.1981) (ALJ's determination that preexisting impairment was not manifest because claimant was still willing to perform "strenuous" work was incorrect because claimant's medical records clearly showed the existence of a heart impairment).
 
 
 20
 We have independently reviewed the record as a whole, and conclude that substantial evidence supports the ALJ's finding that Whitewater's preexisting permanent disability was manifest to Riedel before the most recent injury on June 10, 1986. The decision of the Board denying Riedel section 8(f) relief is reversed. Riedel is entitled to relief under section 8(f) of the Act. The request of the petitioner for initial en banc review is denied.
 
 
 21
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3