17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arruther MARTIN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Todd
Pacific Shipyards Corporation and Aetna Casualty &
Surety Co., Respondents.
 No. 92-70686.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1994.*
Decided Feb. 9, 1994.
 
 Before: REAVLEY,** SKOPIL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Arruther Martin appeals the decision of an administrative law judge (ALJ), affirmed by the Benefits Review Board (Board), which awarded her temporary total disability benefits for the period from November 29, 1983 to February 28, 1986, and an additional sum reflecting permanent partial disability benefits. The parties stipulated that Martin sustained a work-related knee injury on November 28, 1983, and reached maximum medical improvement on February 28, 1986. They further agreed that Martin's claim is governed by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Secs. 901-950. Martin complains on appeal that the ALJ erred in concluding that she was entitled to partial permanent disability benefits, rather than total permanent disability benefits, after February 28, 1986. We affirm.
 
 
 3
 On an appeal from the Board, we independently review the administrative record and scrutinize the Board's decision for errors of law and for adherence to the statutory standard governing the Board's review of the ALJ's fact findings. Stevens v. Director, OWCP, 909 F.2d 1256, 257 (9th Cir.1990), cert. denied, 111 S.Ct. 789 (1991). The board must accept the ALJ's fact findings if they are supported by substantial evidence. Bumble Bee Seafoods v. Director, OWCP, 629 F.2d 1327, 1329 (9th Cir.1980). Substantial evidence is more than a mere scintilla, and means relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Goldsmith v. Director, OWCP, 838 F.2d 1079, 1081 (9th Cir.1988).
 
 
 4
 Evidence was presented that Martin had worked for approximately 26 years as a cook and in cleaning-related occupations. The employer's expert, a vocational rehabilitation counselor, testified that in her opinion Martin was capable of working in certain housekeeping and cooking positions. The expert further testified that such jobs were available at the time of the ALJ proceeding in 1990, and that similar positions were available in 1986. This evidence was disputed by other evidence and its accuracy was challenged on cross-examination, but we agree with the Board that it satisfies the substantial evidence test. We find no errors of law and adherence to the substantial evidence standard by the Board.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3