86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam I. GEORGE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Lucas
Marine Construction, Respondents.
 No. 94-70660.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1996.
Decided May 30, 1996.
 
 Before: SCHROEDER, D.W. NELSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Substantial evidence supported the Board's finding that the American River, at the site of the accident, wasn't navigable for purposes of the Longshore Harbor Workers' Compensation Act. As the Board properly explained, the test for navigability under 33 U.S.C. § 903(a) is whether the waters are now navigable in fact, that is to say actually susceptible to commercial navigation. Bd. Decision at 5; Adams v. Montana Power Co., 528 F.2d 437, 439 (9th Cir.1975); see also The Robert W. Parsons, 191 U.S. 17, 25-26 (1903) (affirming navigability in fact test and rejecting influence of tides test). Petitioner presented no evidence of present commercial use and testimony indicated that, due in part to the dam upstream, the river's flow was too shallow and irregular to be susceptible to commercial use. AR at 179-84, 214-17, 242. That a marine dredge, trucked in and assembled on site, was floated at the work site, AR at 181-82, only tends to reinforce the conclusion that the river was not commercially navigable to the sea.
 
 
 3
 The Director has standing to appear before us as a respondent in this appeal. See Goldsmith v. Director, OWCP, 838 F.2d 1079, 1080 (9th Cir.1988). His argument that the presumption of coverage under 33 U.S.C. § 920(a) controls this case, however, is unavailing. By its own terms, that presumption only governs "in the absence of substantial evidence to the contrary."
 
 
 4
 AFFIRMED.
 
 D.W. NELSON, Circuit Judge, dissenting:
 
 5
 The applicability of the Longshore Harbor Workers' Compensation Act ("LHWCA") to the petitioner's claim turns on whether the American River at the scene of the accident is navigable. The Daniel Ball, 10 Wall. 557 (1871). A river is navigable if it is "used, or ... susceptible of being used ... as [a] highway[ ] for commerce...." Id. (emphasis added). Here, the BRB placed the burden on George to prove that the American River is navigable. It should, instead, have placed the burden on the defendant, Lucas Marine Construction, to overcome the presumption that the river is navigable at the accident site. Because there is not substantial evidence in the administrative record to overcome this presumption, I would reverse and remand to the BRB.
 
 
 6
 The Director of the Office of Workers' Compensation Programs argues that under § 20 of the LHWCA, navigability should be presumed unless the employer can demonstrate that the river is not navigable at the accident site. 33 U.S.C. § 920(a).[1] Whereas the BRB's interpretations of the LHWCA are not entitled to deference, those of the Director should be given "considerable weight." Hurston v. Director, OWCP, 989 F.2d 1547, 1548-49 (9th Cir.1993). The Director's argument is correct. Believing the question of navigability to be jurisdictional, the BRB found that this presumption did not apply. In fact, because traditional admiralty jurisdiction is broader than jurisdiction under the LHWCA, there is admiralty jurisdiction in a case involving an accident on the American River even if it is not navigable for the purposes of the LHWCA. See Ramos v. Universal Dredging Corp., 653 F.2d 1353 (9th Cir.1981). Therefore, the presumption of § 20 applies to navigability.
 
 
 7
 Here, defendant Lucas Marine Construction did not present substantial evidence that the American River is not susceptible to navigation, as it was required to do in order to overcome the presumption of § 20. The majority reaches a contrary conclusion on the basis of the testimony of two witnesses. One of these witnesses was John Lucas, the vice-president of Lucas Marine Construction. Lucas testified, based on a single attempt to navigate the river, that a barge could not be brought up the river because of shallow areas in the river. AR: 179. The second witness, Walter Terry, offered testimony concerning measurements he took to determine whether the river was subject to tidal influences. Terry, a retired engineer, testified that at one location approximately 5,000 feet downstream from the accident site, the river was no deeper than a foot and a half at any point. AR: 217.
 
 
 8
 Although Lucas testified that the depth of the river varied depending on the releases of the Nimbus Dam, AR: 183-84, neither witness testified concerning the possible impact of hourly or seasonal variations in the depth of the river on susceptibility to navigation. Nor was any testimony offered as to the possible impact on navigability of the drought that was being experienced at the time of the accident and the hearing. Because the administrative record does not contain substantial evidence that the American River is not susceptible to navigation at the accident site, this case should be remanded to give the petitioner the benefit of the presumption to which he was entitled. I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 33 U.S.C. § 920(a) provides:
 In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary--(a) That the claim comes within the provisions of this chapter.