**Steven BARROZA, Petitioner,**

v.

**NAVY EXCHANGE, Service Command; et al., Respondents.**

No. 05–76835.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2008.*

Filed Feb. 19, 2008.

Jay Lawrence Friedheim, Esq., Honolulu, HI, Joshua T. Gillelan, II, Longshore Claimants' National Law Center, Washington, DC, for Petitioner.

DOJ–U.S. Department of Justice, Charles E. Mullins, Attorney, U.S. Departure of Justice Civil Rights Division, Thomas Shepard, Carol Dedeo, Associate Solicitor, U.S. Department of Labor, Office of the Solicitor, Washington, DC, William N. Brooks, II, Esq., Law Offices of William N. Brooks, Long Beach, CA, Charles E. Mullins, Attorney for Respondents.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Steven Barroza petitions this court for review of the Benefits Review Board's order affirming the Administrative Law Judge's denial of medical benefits. We affirm.

"We review the Board's decisions for errors of law and adherence to the substantial evidence standard." *Sproull v. Dir., Office of Workers' Comp. Programs,* 86 F.3d 895, 898 (9th Cir.1996). "The Board must accept the ALJ's findings of fact unless they are contrary to law, irrational or unsupported by substantial evidence in the record considered as a whole." *Id.* "Like the Board, this court cannot substitute its views for the ALJ's views or engage in de novo review of the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

584

evidence." *Container Stevedoring Co. v. Dir., Office of Workers Comp. Programs,* 935 F.2d 1544, 1546 (9th Cir.1991). "When substantial evidence supports . . . a finding of fact and especially when the credibility of witnesses is involved, we will not disturb that finding on review." *Goldsmith v. Dir., Office of Workers Comp. Programs,* 838 F.2d 1079, 1081 (9th Cir.1988).

Barroza first challenges the ALJ's finding that he "fail[ed] to establish the presence of a cervical disc abnormality." Both Barroza and Defendants presented substantial, but conflicting, evidence on this issue. The ALJ weighed that evidence and found "neither medical position on the presence of a cervical disc abnormality more convincing than the other." Barroza asks this court to discredit Dr. Gabriel Ma's opinion because it was based on post-hearing x-rays, but Dr. Ma reviewed Barroza's *entire* medical record, including the treating physicians' opinions and the results from Barroza's previous MRI. The ALJ also characterized Dr. Ma's opinion accurately when he noted that "Dr. Ma found the objective medical tests to be normal *or within near-normal limits.*" (Emphasis added). Because the ALJ gave specific reasons for his credibility determinations, and because this court will not disturb findings of credibility, we uphold the Board's decision to affirm the ALJ's finding that Barroza failed to establish the presence of a cervical disc abnormality. *See Goldsmith,* 838 F.2d at 1081.

Barroza also argues that the ALJ erred in finding that his persistent neck tightness and pain are not causally related to his employment as an auto mechanic or to his earlier injuries. We reject Barroza's contention that the ALJ failed to acknowledge that Dr. Ma himself opined that Barroza's injury was work-related because, to the contrary, Dr. Ma opined that Barroza's present neck tightness and pain "are not

[the] result of past employment." We also reject Barroza's assertion that "the ALJ was not entitled to rely on Dr. Ma's opinion with respect to causation when Dr. Ma did not acknowledge the existence of the *condition* that the ALJ found to exist." Contrary to Barroza's suggestion, Dr. Ma did opine that Barroza suffers from neck tightness and pain. Barroza also argues that the effect of his security job on his neck condition is "irrelevant as a matter of law" because "it is enough to make [the neck condition] compensable if it is *also* due in part to his work as a mechanic." Barroza fails to acknowledge, however, that the ALJ expressly found that his present neck tightness and pain are *not* caused by his employment as an auto mechanic; thus Barroza's argument that he is entitled to compensation because his neck condition was caused by both of his jobs lacks merit. Finally, Barroza's "common sense" argument ignores the substantial and conflicting evidence the ALJ had to consider and weigh. "[T]his court cannot substitute its views for the ALJ's views or engage in de novo review of the evidence." *Container Stevedoring Co.,* 935 F.2d at 1546.

Substantial evidence supports the ALJ's findings that are challenged on appeal, and we therefore uphold the Board's decision to affirm those findings. *Goldsmith,* 838 F.2d at 1080–81.

**AFFIRMED.**