MEMORANDUM **
Gary Nitschke petitions in pro se for review of a final order of the United States Department of Labor Benefits Review Board (“the Board”) affirming a decision of an administrative law judge (ALJ) finding that Nitschke did not establish that injuries to his back, neck, or ankles were related to his 20-foot fall into a tank on the U.S.S. Nimitz on January 25, 1990. We have jurisdiction under 33 U.S.C. § 921(c). We review the Board’s decisions for errors of law and adherence to the substantial evidence standard. Sproull v. Dir., Office of Workers’ Comp. Programs, 86 F.3d 895, 898 (9th Cir.1996). We deny the petition for review.
The ALJ’s decision to accord Dr. O’Neill’s medical opinion little weight was not contrary to “the clear preponderance of the evidence” or “inherently incredible or patently unreasonable.” Cordero v. Triple A Mach. Shop, 580 F.2d 1331, 1335 (9th Cir.1978) (citations omitted). Dr. O’Neill’s testimony was contradicted by the testimony of Drs. Brooks and Kay. Dr. O’Neill did not treat Nitschke until a year after his fall, and her opinions, unlike those of Dr. Brooks, were not based on a comprehensive review of Nitsehke’s medical records. The ALJ was not bound to accept the opinion of Dr. O’Neill. See Walker v. Rothschild Int’l Stevedoring Co., 526 F.2d 1137, 1139-40 (9th Cir.1975). The Board therefore properly concluded that substantial evidence supported the ALJ’s conclusions. See Goldsmith v. Dir., Office of Workers Comp. Programs, 838 F.2d 1079, 1081 (9th Cir.1988) (“‘When substantial evidence supports such a finding of fact and especially when the credibility of witnesses is involved, we will not disturb that finding on review.’ ”) (quoting Dorris v. Dir., Office of Workers’ Comp. Programs, 808 F.2d 1362, 1364 (9th Cir.1987)).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.